UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT YEE, | No. 2:14-cv-2955 KJM DAD PS |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY JAIL, et al., | |
| Defendants. | |

      Plaintiff Vincent Yee is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

      Plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

      The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes.  The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin

v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's complaint alleges that his father died in the Sacramento County Jail on December 16, 1998, as a result of being denied "proper medical + psychiatric care (suicide watch) after he repeatedly yelled out and wrote about his suicidal ideations in jail and before incarceration." (Compl. (Dkt. No. 1) at 1.)  In addition, in his complaint plaintiff alleges that his mother previously filed an action, "99-2485 WBS JFM PS," raising these claims on plaintiff's behalf, but that the action was dismissed because plaintiff's parents "were not married," and because plaintiff's mother could not sue on his behalf.  (Id. at 2.)

The court's own records do reflect that on December 24, 2002, in the matter of Margarita Garcia for Vincent Yee v. Sacramento County Jail, Harold Penny, and Cathleen Fritzsche, No. CIV S-99-2485 WBS JFM, the District Judge assigned to that action dismissed "Vincent Yee's

2

1    claims . . . without prejudice so that he may proceed when . . . he reaches the age of majority."
2    (Margarita Garcia for Vincent Yee v. Sacramento County Jail, Harold Penny, and Cathleen
3    Fritzsche, No. CIV S-99-2485 WBS JFM, Dkt. No. 42 at 2.)  Here, plaintiff's complaint filed in
4    this action alleges that plaintiff has now reached the age of majority.  (Compl. (Dkt. No. 1) at 2.)
5        Nonetheless, plaintiff's complaint fails to satisfy the minimum requirements of Rule 8 of
6    the Federal Rules of Civil Procedure discussed above.  In this regard, plaintiff's complaint fails to
7    contain (1) a short and plain statement of the grounds upon which the court's jurisdiction
8    depends, (2) a short and plain statement of a claim showing that he is entitled to relief and (3) a
9    demand for judgment for the relief he seeks.  Although the Federal Rules of Civil Procedure
10   adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's
11   claims and must allege facts that state the elements of each claim plainly and succinctly.  FED. R.
12   CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A
13   pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of
14   action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of
15   'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly,
16   550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts
17   which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.
18       Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.  The
19   undersigned has carefully considered whether plaintiff may amend the complaint to state a claim
20   upon which relief can be granted.  "Valid reasons for denying leave to amend include undue
21   delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan
22   Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath
23   Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall
24   be freely given, the court does not have to allow futile amendments).  However, when evaluating
25   the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it
26   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
27   would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting
28   Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205

(9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and he will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if he elects to file an amended complaint in this action "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 22, 2014, application to proceed in forma pauperis (Dkt. No. 2) is granted.

2. The complaint filed December 22, 2014 (Dkt. No. 1) is dismissed with leave to amend.

/////

4

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."[1]

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: May 29, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\yee2955.ifp.lta.ord.docx

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action, plaintiff may file a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.