1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VINCENT YEE,                          No.  2:14-cv-2955 KJM DAD PS

12              Plaintiff,

13      v.                                 ORDER

14   SACRAMENTO COUNTY JAIL, et al.,

15              Defendants.

16

17          Plaintiff Vincent Yee is proceeding in this action pro se.  This matter was referred to the

18   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On June 1,

19   2015, plaintiff was granting leave to proceed in forma pauperis and plaintiff's complaint was

20   dismissed with leave to file an amended complaint.  (Dkt. No. 3.)  On June 12, 2015, plaintiff

21   filed an amended complaint.  (Dkt. No. 4.)

22          To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

23   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

24   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

25   true the material allegations in the complaint and construes the allegations in the light most

26   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

27   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

28   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

                                            1

1  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

2  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

3  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

4        The minimum requirements for a civil complaint in federal court are as follows:

5        A pleading which sets forth a claim for relief . . . shall contain (1) a
        short and plain statement of the grounds upon which the court's
6        jurisdiction depends . . . , (2) a short and plain statement of the
        claim showing that the pleader is entitled to relief, and (3) a demand
7        for judgment for the relief the pleader seeks.

8  FED. R. CIV. P. 8(a).

9        Here, plaintiff alleges that his father died while incarcerated at the Sacramento County

10  Jail, that plaintiff is "the only surviving son of [his] father," and that he was "injured by my

11  father's death."[1]  (Am. Compl. (Dkt. No. 4) at 3-4.)  The amended complaint, however, fails to

12  identify the wrongful actions of any defendant of which plaintiff complains.

13        Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

14  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

15  state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

16  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

17  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

18  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

19  enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

20  557.  A plaintiff must allege with at least some degree of particularity overt acts which the

21  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

22        In this regard, the amended complaint refers to 42 U.S.C. § 1983.  (Id. at 4.)  Title 42

23  U.S.C. § 1983 provides that,

24  /////

25  [1]  Under California law, "a cause of action for . . . a person is not lost by reason of the person's
26  death, but survives . . . ."  CAL. CODE CIV. PRO. § 377.20(a).  "A cause of action that survives the
  death of the person entitled to commence an action or proceeding passes to the decedent's
27  successor in interest, subject to [the California Probate Code] . . ., and an action may be
  commenced by the decedent's personal representative or, if none, by the decedent's successor in
28  interest."  CAL. CODE CIV. PRO. § 377.30.

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Here, plaintiff's amended complaint alleges that the defendants failed to "exercise reasonable care" resulting in the wrongful death of plaintiff's father.  (Am. Compl. (Dkt. No. 4) at 4.)  Attached to plaintiff's amended complaint is a copy of the County of Sacramento Coroner's Investigation explaining that plaintiff's father committed suicide while incarcerated at the Sacramento County Jail.  (Id. at 7.)

Pursuant to the due process clause, "persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs."[2]  Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002).  See also Gallagher v. City of Winlock, Wash., 287 Fed. Appx. 568, 576 (9th Cir. 2008) ("An arrestee has the established right to not have officials remain deliberately indifferent to her serious medical needs while in police custody.").[3]  "A heightened suicide risk or an attempted suicide is a serious medical need."  Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010).  A "plaintiff must show that the official

---

[2]  "Pretrial detainees . . . have not been convicted of any crime.  Therefore, constitutional questions regarding the conditions and circumstances of their confinement are properly addressed under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment's protection against cruel and unusual punishment."  Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).  See also Clouthier v. County of Contra Costa, 591 F.3d 1232, 1241 (9th Cir. 2010) ("We have long analyzed claims that correction facility officials violated pretrial detainees' constitutional rights by failing to address their medical needs (including suicide prevention) under a deliberate indifference standard.").

[3]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1    was '(a) subjectively aware of the serious medical need and (b) failed adequately to respond."

2    Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010) (quoting Conn, 591

3    F.3d at 1096).

4            "A municipality may be held liable under a claim brought under § 1983 only when the

5    municipality inflicts an injury, and it may not be held liable under a respondeat superior theory."

6    Gibson, 290 F.3d 1175, 1185 (9th Cir. 2002) (citing Monell v. New York City Dept. of Social

7    Services, 436 U.S. 658, 694 (1978)).  "To prove deliberate indifference on the part of a

8    municipality, the plaintiff must show that the municipality was on actual or constructive notice

9    that its omission would likely result in a constitutional violation."  M.H. v. County of Alameda,

10   62 F.Supp.3d 1049, 1081 (N.D. Cal. 2014).  "A local governmental body may be liable if it has a

11   policy of inaction and such inaction amounts to a failure to protect constitutional rights.'"  Cotta

12   v. County of Kings, 79 F.Supp.3d 1148, 1167 (E.D. Cal. 2015) (quoting Oviatt v. Pearce, 954

13   F.2d 1470, 1474 (9th Cir. 1992)).

14           Here, the amended complaint does not allege how any defendant was deliberately

15   indifferent to the serious medical needs of plaintiff's father.  Nor does the amended complaint

16   contain any allegations implicating a policy of the Sacramento County Jail.  Compare De

17   Vincenzi v. City of Chico, 592 Fed. Appx. 632, 634 (9th Cir. 2015) ("However, De Vincenzi's

18   second theory is that the officers 'consciously ignored his cries for help,' causing him to suffer

19   'vastly more serious burns.'  This allegation establishes the requisite mens rea element of

20   deliberate indifference.  That allegation is sufficient to survive a motion to dismiss and proceed to

21   discovery."), and Marez v. County of Stanislaus, No. 1:14-CV-0662 KJM SKO, 2015 WL 135890,

22   at *5 (E.D. Cal. Jan. 9, 2015) ("Here, plaintiffs allege defendant knew of the serious medical,

23   physical, and mental health condition of the decedent and was deliberately indifferent in ignoring

24   the prescribed 72–hour hold and returning decedent to his regular cell, where he committed

25   suicide.  Plaintiffs adequately plead facts to support the allegation defendant was deliberately

26   indifferent to decedent's medical needs, resulting in harm.  The motion to dismiss the § 1983

27   action for failure to state a claim is denied."), with Lewis v. County of San Bernardino, 558 Fed.

28   Appx. 735, 737 (9th Cir. 2014) ("As to the State Defendants, the complaint fails to plausibly

4

1    allege that California Highway Patrol Officer Bissett knew of or was deliberately indifferent to

2    decedent's fragile mental condition.  Erratic driving and materials in the car suggesting suicide

3    (such as books and medications) are insufficient to plausibly allege that an officer conducting a

4    routine DUI arrest was deliberately indifferent to a suicidal arrestee, particularly where there are

5    no allegations that the officer read the book cover, inspected the medications, or would have

6    understood the significance of the medications had he inspected them."), and Cabral v. County of

7    Glenn, 624 F.Supp.2d 1184, 1190 (E.D. Cal. 2009) ("Plaintiff alleges no facts indicating Officer

8    Dahl was deliberately indifferent to Plaintiff's need for medical attention.  While it is alleged that

9    Officer Dahl knew Plaintiff had psychiatric issues, Plaintiff has not alleged that the officer knew

10   Plaintiff was suicidal and that he was not receiving medical care, or that Officer Dahl attempted

11   to interfere with Plaintiff's receipt of such medical attention.").[4]

12          For the reasons explained above, plaintiff's amended complaint will be dismissed for

13   failure to state a claim.  The undersigned has carefully considered whether plaintiff may further

14   amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for

15   denying leave to amend include undue delay, bad faith, prejudice, and futility."  California

16   Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also

17   Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

18   (holding that while leave to amend shall be freely given, the court does not have to allow futile

19   amendments).  However, when evaluating the failure to state a claim, the complaint of a pro se

20   plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no

21   set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745

22   F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also

23   Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint

24   without leave to amend is proper only if it is absolutely clear that the deficiencies of the

25   complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202,

26   1203-04 (9th Cir. 1988)).

27   _____

28   [4]  See fn 3, above.

5

1       Here, the court cannot yet say that it appears beyond doubt that further leave to amend

2 would be futile.  Although plaintiff's amended complaint will be dismissed, he will be granted

3 leave to file a second amended complaint.  Plaintiff is cautioned, however, that if he elects to file

4 a second amended complaint in this action "the tenet that a court must accept as true all of the

5 allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of

6 the elements of a cause of action, supported by mere conclusory statements, do not suffice."

7 Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they

8 must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the

9 claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S.

10 at 557).

11       Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

12 amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

13 in itself without reference to prior pleadings.  The second amended complaint will supersede the

14 amended complaint just as the amended complaint superseded the original complaint.  See Loux

15 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  **Thus, in a second amended complaint, just as if it**

16 **were the initial complaint filed in the case, each defendant must be listed in the caption and**

17 **identified in the body of the complaint, and each claim and the involvement of each**

18 **defendant must be sufficiently alleged**.  **Any second amended complaint which plaintiff may**

19 **elect to file must also include concise but complete factual allegations describing the conduct**

20 **and events which underlie plaintiff's claims.  That is, plaintiff is advised to allege the facts**

21 **explaining the actions taken by the named defendants, or their failure to act, which he**

22 **believes caused the harm complained of.**

23 CONCLUSION

24       Accordingly, IT IS HEREBY ORDERED that:

25       1.  The amended complaint filed June 12, 2015 (Dkt. No. 4) is dismissed with

26 leave to amend.

27       2.  Within twenty-eight days from the date of this order, a second amended

28 complaint shall be filed that cures the defects noted in this order and complies with the Federal

6

1    Rules of Civil Procedure and the Local Rules of Practice.  The second amended complaint must

2    bear the case number assigned to this action and must be titled "Second Amended Complaint."[5]

3           3.  Failure to comply with this order in a timely manner may result in a

4    recommendation that this action be dismissed.

5    Dated:  October 5, 2015

6

7                                      DALE A. DROZD

8                                      UNITED STATES MAGISTRATE JUDGE

9

10

11   DAD:6
     Ddad1\orders.pro se\yee2955.dism.lta2.ord.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____
     [5]  Alternatively, if plaintiff no longer wishes to pursue this action, plaintiff may file a notice of
     voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil

28   Procedure.

7