1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     VINCENT YEE,                                   No.  2:14-cv-2955-KJM-EFB PS (TEMP)

12                        Plaintiff,

13            v.                                       ORDER

14     SACRAMENTO COUNTY JAIL, et al.,

15                        Defendants.

16

17            Plaintiff Vincent Yee is proceeding pro se in an action brought under 42 U.S.C. § 1983.[1]

18     He has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No.

19     3.  Pending before the court is plaintiff's second amended complaint which must be screened.

20     ECF No. 6.

21            The court must dismiss an in forma pauperis case at any time if the allegation of poverty is

22     found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

23     claim on which relief may be granted, or seeks monetary relief against an immune defendant.  *See*

24     28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or

25     in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-

26     28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

27     _____

28     [1] This matter was referred to the undersigned in accordance with Local Rule 302(c)(21)
       and 28 U.S.C. § 636(b)(1).

                                                      1

1    based on an indisputably meritless legal theory or where the factual contentions are clearly

2    baseless. *Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e).

3         To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

4    state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

5    570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

6    true the material allegations in the complaint and construes the allegations in the light most

7    favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Hosp. Bldg. Co. v.*

8    *Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Love v. United States*, 915 F.2d 1242, 1245 (9th

9    Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

10   *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

11   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western*

12   *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

13        The minimum requirements for a civil complaint in federal court are as follows:

14             A pleading which sets forth a claim for relief . . . shall contain (1) a
               short and plain statement of the grounds upon which the court's
15             jurisdiction depends . . . , (2) a short and plain statement of the
               claim showing that the pleader is entitled to relief, and (3) a demand
16             for judgment for the relief the pleader seeks.

17   Fed. R. Civ. P. 8(a).

18        Here, liberally construed, plaintiff's second amended complaint alleges that in October of

19   1998, Officer Harold Penny and Officer Corey Johnson arrested plaintiff's father and transported

20   him to the Sacramento County Jail.  Although plaintiff's father repeatedly stated that he wanted to

21   die, Officer Penny and Officer Johnson did not notify jail staff that plaintiff's father was at risk

22   for suicide.  The second amended complaint also alleges that Officer Kathleen Fritzche was aware

23   that plaintiff's father was at risk for suicide and also did not notify jail staff.  Plaintiff's father

24   later committed suicide while jailed at the Sacramento County Jail.[2]

25             [2]  Under California law, "a cause of action for . . . a person is not lost by reason of the
     person's death, but survives . . . ."  Cal. Civ. Proc. Code § 377.20(a).  "A cause of action that
26   survives the death of the person entitled to commence an action or proceeding passes to the
     decedent's successor in interest, subject to [the California Probate Code] . . ., and an action may
27   be commenced by the decedent's personal representative or, if none, by the decedent's successor
     in interest."  Cal. Civ. Proc. Code § 377.30.
28

1  Based on these allegations, the complaint states cognizable claims for violation of the due

2  process clause of the Fourteenth Amendment as to Officer Penny, Officer Johnson and Officer

3  Fritzche.  If the allegations of the second amended complaint are proven, plaintiff could prevail

4  on the merits of those claims.

5  However, the complaint fails to state a cognizable claim against the Sacramento County

6  Jail.  The second amended complaint alleges simply that plaintiff's father sent letters expressing

7  his desire to commit suicide, those letters were screened by jail staff, and therefore, the

8  Sacramento County Jail failed to prevent plaintiff's father's suicide.  Plaintiff pleads no facts

9  which could establish liability of the jail.

10  "A municipality may be held liable under a claim brought under § 1983 only when the

11  municipality inflicts an injury, and it may not be held liable under a respondeat superior theory."

12  *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002) (citing *Monell v. New*

13  *York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)).  "To prove deliberate indifference

14  on the part of a municipality, the plaintiff must show that the municipality was on actual or

15  constructive notice that its omission would likely result in a constitutional violation."  *M.H. v.*

16  *County of Alameda*, 62 F.Supp.3d 1049, 1081 (N.D. Cal. 2014).  "A local governmental body

17  may be liable if it has a policy of inaction and such inaction amounts to a failure to protect

18  constitutional rights.'"  *Cotta v. County of Kings*, 79 F.Supp.3d 1148, 1167 (E.D. Cal. 2015)

19  (quoting Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992)).

20  CONCLUSION

21  For the reasons stated above, IT IS HEREBY ORDERED that:

22  1.  Plaintiff may proceed now to serve Officer Penny, Officer Johnson and Officer

23  Fritzche, as set forth below (instructions numbered 3-6), and pursue his claims against only those

24  defendants.  Alternatively, he may delay serving Officer Penny, Officer Johnson and Officer

25  Fritzche, and attempt to state a cognizable claim against the Sacramento County Jail.

26  2.  **If plaintiff elects to attempt to further amend his complaint to state a cognizable**

27  **claim against the Sacramento County Jail, he has thirty days to do so** (and he may skip

28  instructions numbered 3-6, below).  He is not obligated to further amend his complaint, and may

3

instead proceed only against Officer Penny, Officer Johnson and Officer Fritzche (see instructions 3-6, below).  If plaintiff chooses to further amend so that he can sue the Sacramento County Jail, the third amended complaint will also be subject to screening.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  In the third amended complaint, as in the original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3. **If plaintiff elects to proceed now against Officer Penny, Officer Johnson and Officer Fritzche**, then within thirty days plaintiff shall supply the U.S. Marshal with the information detailed below.  If plaintiff elects to proceed against Officer Penny, Officer Johnson and Officer Fritzche, the court will construe plaintiff's election as consent to the dismissal of all claims against the Sacramento County Jail without prejudice.

4. Service is appropriate for the following defendants: Officer Harold Penny, Officer Corey Johnson and Officer Kathleen Fritzche.

5. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the second amended complaint filed October 26, 2015 (ECF No. 6), an instruction sheet, and an appropriate form for consent to trial by a magistrate judge.

6. Plaintiff is directed to supply the U.S. Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall file a statement with the court that said documents have been submitted to the United States Marshal. The court anticipates that, to effect service, the U.S. Marshal will require at least:

a. One completed summons for each defendant;

b. One completed USM-285 form for each defendant;

c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal; and

d. One copy of the instant order for each defendant.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate

1  service on any defendant within 90 days from the date of this order, the Marshal is directed to

2  report that fact, and the reasons for it, to the undersigned.

3       8.  The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal,

4  501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

5       9.  Failure to comply with this order may result in a recommendation that this action be

6  dismissed for lack of prosecution and failure to comply with a court order.

7  DATED:  June 7, 2016.

8

9                         EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28