UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT YEE,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>    Defendants. | No. 2:14-cv-2955 KJM DB PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

This action came before the court on June 16, 2017, for hearing of defendant Sacramento County Jail's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff Vincent Yee appeared on his own behalf. Attorney Wendy Motooka appeared on behalf of defendant Sacramento County Jail.

At the June 16, 2017 hearing, plaintiff stated that he had filed a proposed fourth amended complaint (ECF No. 26) and requested leave to proceed on the fourth amended complaint. Counsel for the defendant Sacramento County Jail voiced no opposition to granting plaintiff leave to amend. Accordingly, plaintiff is granted leave to file a fourth amended complaint and the proposed fourth amended complaint is now deemed the operative complaint in this action.[2]

---

[1] Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Because plaintiff is now proceeding on a fourth amended complaint, defendant's motion to dismiss plaintiff's third amended complaint will be denied without prejudice as having been

1

Plaintiff, however, is proceeding in forma pauperis. (ECF No. 3.)

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, liberally construed, plaintiff's fourth amended complaint alleges that on October 21, 1998, City of Sacramento Police Officers Kathleen Fritzche, Harold Penny, and Corey Johnson

---

rendered moot.

arrested Peter Yee and transported him to the Sacramento County Jail. (4th Am. Compl. (ECF No. 26) at 2-3.) Peter Yee "yelled out 'I just want to die' . . . about 50 times at the time of his arrest." (Id.) However, defendants Kathleen Fritzche, Harold Penny, and Corey Johnson failed to notify staff at the Sacramento County Jail that Peter Yee was at risk for suicide. (Id. at 3.) Peter Yee later committed suicide at the Sacramento County Jail and plaintiff is "the only surviving son" of Peter Yee.[3]

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). "Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees . . . we apply the same standards in both cases." Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (citation omitted).

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted).

"[A] heightened suicide risk can present a serious medical need." Simmons, 609 F.3d at 1018 (citing Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010)). Moreover, a plaintiff may satisfy the second deliberate indifference prong "by showing a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096.

Here, construed in the light most favorable to the plaintiff, the fourth amended complaint alleges that defendants Fritzche, Penny, and Johnson were aware that plaintiff's father was at a

---

[3] Under California law, "a cause of action for . . . a person is not lost by reason of the person's death, but survives . . . ." Cal. Code Civ. Pro. § 377.20(a). "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, subject to [the California Probate Code] . . ., and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Code Civ. Pro. § 377.30.

3

heightened risk for suicide and failed to respond to that risk, resulting in harm to the plaintiff. Accordingly, the undersigned finds that the fourth amended complaint states a claim for deliberate indifference against defendants Fritzche, Penny, and Johnson.

The fourth amended complaint also names as defendants the City of Sacramento, the County of Sacramento, and the Sacramento County Jail. (4th Am. Compl. (ECF No. 26) at 1, 7.) "In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016). In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

> There are three ways to show a policy or custom of a municipality: (1) by showing "a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity;" (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision;" or (3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate."

Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005) (quoting Ulrich v. City and Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)). "The Court has further required that the plaintiff demonstrate that the policy or custom of a municipality 'reflects deliberate indifference to the constitutional rights of its inhabitants.'" Castro, 833 F.3d at 1073 (quoting City of Canton v. Harris, 489 U.S. 378, 392 (1989)). However, a complaint alleging Monell violations "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Here, plaintiff's fourth amended complaint is devoid of any factual allegations against the City of Sacramento, the County of Sacramento, and the Sacramento County Jail. Instead the

fourth amended complaint simply alleges that these defendants are "liable, for unrepairable injury causing death . . . ." (4th Am. Compl. (ECF No. 26) at 7.) Moreover, the fourth amended complaint explicitly alleges that defendants Fritzche, Penny, and Johnson failed to inform the staff at the Sacramento County Jail that Peter Yee was at heightened risk for suicide.

Accordingly, the undersigned finds that the fourth amended complaint fails to state a claim upon which relief can be granted against the City of Sacramento, the County of Sacramento, and the Sacramento County Jail. The undersigned has carefully considered whether plaintiffs may further amend the complaint to state a claim upon which relief could be granted with respect to these defendants. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff further leave to amend in this case.[4]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to file a fourth amended complaint and the fourth amended complaint filed on June 16, 2017 (ECF No. 26) is deemed the operative pleading in this action.

2. Defendant Sacramento County Jail's March 31, 2017 motion to dismiss (ECF No. 18) is denied without prejudice as having been rendered moot.

3. The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, three USM-285 forms, a summons form, and an endorsed copy of plaintiff's fourth amended complaint filed June 16, 2017. (ECF No. 26.)

---

[4] Although the undersigned previously found that that third amended complaint stated a cognizable claim against the Sacramento County Jail, it is clear from defendant Sacramento County Jail's motion to dismiss, plaintiff's filings in opposition, and the allegations found in the fourth amended complaint that plaintiff cannot state a cognizable claim against the Sacramento County Jail.

5

4. Within thirty (30) days after this order is served, plaintiff shall submit to the United States Marshal three properly completed USM-285 forms[5], three properly completed summons forms, and the number of copies of the endorsed fourth amended complaint and of this order required by the United States Marshal; the required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

5. Within ten (10) days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

6. Within thirty (30) days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants Kathleen Fritzche, Harold Penny, and Corey Johnson, without prepayment of costs.

7. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal.

8. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS ALSO HEREBY RECOMMENDED that the fourth amended complaint's claims against the City of Sacramento, the County of Sacramento, and the Sacramento County Jail be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[5] Plaintiff is advised that defendant Sacramento County Jail has represented that plaintiff previously erred in completing these forms by instructing "the Marshals Service to serve" defendants at the Sacramento County Jail. (ECF No. 21 at 1.)

shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 16, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\yee2955.oah.f&rs