UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT YEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2955 KJM DB PS<br><br><br>ORDER |

Plaintiff is proceeding pro se with the above-entitled action. The matter was referred to a United States Magistrate Judge under Local Rule 302(c)(21).

On June 19, 2017, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days after service of the findings and recommendations. ECF No. 28. Plaintiff has filed objections to the findings and recommendations. ECF No. 29.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis regarding dismissal, but that leave to amend should be granted for the reasons explained below.

/////

1

In his objections, plaintiff explains that he intended the fourth amended complaint to supplement rather than supplant the third amended complaint, and that the former was intended to sue the City whereas the latter was intended to sue the Jail. *See* Objs., ECF No. 29. In resolving the defendants' motion to dismiss, the magistrate judge was correct to focus on the fourth amended complaint, because "it is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). Moreover, the magistrate judge, in granting plaintiff leave to file the third amended complaint, specifically informed plaintiff that the court cannot refer to a prior pleading in order to make an amended complaint complete. ECF No. 8 at 4 ("Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading."). The undersigned adopts the magistrate judge's findings and recommendations regarding dismissal of the municipal entities, because the fourth amended complaint fails to point to any policy, practice or custom that led to the violation of plaintiff's constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978). Indeed, the only policy plaintiff points to is the Sacramento Police Department Policy that he says defendants failed to follow. *See generally* Fourth Am. Compl. ("FAC"), ECF No. 26. Dismissal is appropriate as to the Jail, City and County.

But in light of plaintiff's explanation, the third amended complaint is instructive in making a fair determination of whether granting leave to amend would be futile. In this case, the magistrate judge screened the third amended complaint and found it stated a claim against the Jail. ECF No. 14. In concluding the fourth amended complaint cannot state a claim against the Jail, the magistrate judge did not appear to consider the additional allegations found in the third amended complaint. *See* ECF No. 28 at 5 n.4. The third amended complaint provides a number of allegations missing from the fourth, including that the Jail failed to provide inmates with adequate mental health care and that the Jail knew it. *See* Third Am. Compl. ("TAC"), ECF No. 11. Although defendants' motion to dismiss the third amended complaint argued those allegations were conclusory, the magistrate judge never had occasion to address the allegations not expressly included in the fourth amended complaint. Given the additional detail provided in

the third amended complaint, the undersigned concludes granting leave to amend would not be futile.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 19, 2017 (ECF No. 28) are adopted to the extent they conclude the fourth amended complaint states a claim against defendants Kathleen Fritzche, Harold Penny and Corey Johnson and fails to state a claim against City of Sacramento, the County of Sacramento and the Sacramento County Jail.

2. Plaintiff may proceed to serve defendants Kathleen Fritzche, Harold Penny and Corey Johnson, following instructions numbered 1 to 8 in the magistrate judge's findings and recommendations. *See* ECF No. 28 at 5, ¶¶ 1–8. Alternatively, plaintiff may delay serving the individual defendants to attempt one last time to state a cognizable claim against the City, County and Jail.

3. If plaintiff elects to attempt to further amend his complaint to state a cognizable claim against the City, County and Jail, he has thirty (30) days to do so. He is not obligated to further amend his complaint, and may instead proceed now against the individual defendants named above. If plaintiff chooses to further amend, a fifth amended complaint will also be subject to screening. Plaintiff is reminded that, under Local Rule 220, an amended complaint must be complete in itself without reference to any prior pleading.

DATED: September 12, 2017.

_____
UNITED STATES DISTRICT JUDGE