UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT YEE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2955 KJM DB PS<br><br><br>ORDER |

Plaintiff Vincent Yee is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3.) Pending before the court is plaintiff's fifth amended complaint. (ECF No. 32.)

**I.　Legal Standards**

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are

1

clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II.     Plaintiff's Complaint**

    **A.     Individual Defendants**

Here, construed in the light most favorable to the plaintiff, the fifth amended complaint alleges that on October 21, 1998, Sacramento Police officers Kathleen Fritzche, Harold Penny, and Corey Johnson, ("individual defendants"), transported Peter Tze Yee to the Sacramento County Jail. (5th Am. Compl. (ECF No. 32) at 2-5.) Peter Yee "yelled out 'I just want to die,' "I just want to die,' about 50 times," but none of the individual defendants notified the Sacramento County Jail intake staff that Peter Yee had expressed suicidal ideations, a violation of the Sacramento Police Department's General Orders. (Id. at 3.) On December 16, 1998, Peter Yee committed suicide while incarcerated at the Sacramento County Jail. (Id. at 13, 76.) Plaintiff is "the only surviving son and beneficiary" of Peter Yee and was two years' old at the time of Peter

////

Yee's death.[1] (Id. at 10.)

Claims that officers "'violated pretrial detainees' constitutional rights by failing to address their medical needs (including suicide prevention) [are analyzed] under a 'deliberate indifference' standard.'"[2] Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010)). The elements of a claim for deliberate indifference against an individual officer based on a pretrial detainee's rights under the Fourteenth Amendment are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); see also Darnell v. Pineiro, 849 F.3d 17, 35 (2nd Cir. 2017) ("to establish a claim for deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment, the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition

---

[1] Under California law, "a cause of action for . . . a person is not lost by reason of the person's death, but survives . . . ." Cal. Code Civ. Pro. § 377.20(a). "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, subject to [the California Probate Code] . . ., and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Code Civ. Pro. § 377.30.

[2] It is unclear from the fifth amended complaint if Peter Yee was awaiting trial or had been convicted of an offense. "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Nonetheless, "[b]ecause pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment . . . we apply the same standards." Id.

posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety").

Moreover, "children may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their . . . parent through official conduct." Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1075 (9th Cir. 2013); see also Curnow By and Through Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991) ("a parent who claims loss of the companionship and society of his or her child, or vice versa, raises a . . . constitutional claim"); Garlick v. County of Kern, 167 F.Supp.3d 1117, 1163 (E.D. Cal. 2016) ("Children may assert Fourteenth Amendment substantive due process claims if official conduct deprives them of their liberty interest in the companionship and society of their parent.").

In this regard, the undersigned that the fifth amended complaint states cognizable claims against defendants Kathleen Fritzche, Harold Penny, and Corey Johnson.

**B.     Municipal Defendants**

The fifth amended complaint names as defendants the City of Sacramento, the Sacramento County Jail, and the County of Sacramento.[3]  (5th Am. Compl. (ECF No. 32) at 1.) The fifth amended complaint, however, fails to state plainly what claim or claims it is asserting against which municipal defendant(s).

"In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro, 833 F.3d at 1073.  In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

////

---

[3] A county itself—not an agency or department—is a proper defendant for a 42 U.S.C. § 1983 claim.  See Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996).

4

In order to allege a viable Monell claim against the County of Sacramento, plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the County] was 'the actionable cause of the claimed injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)). There are three ways a "policy" can be established. See Clouthier, 591 F.3d at 1249-50.

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)). Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees. Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights."). "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the fifth amended complaint alleges that that the "Sacramento County Jail failed to provide proper and adequate psychiatric care to Mr. Yee's serious needs." (5th Am. Compl. (ECF No. 32) at 13.) The fifth amended complaint does not specify, however, how the Sacramento County Jail failed to provide proper or adequate psychiatric care. The fifth amended complaint also argues that the Sacramento County Jail thwarted the attempted suicide of a Theodore Kaczynski, who was incarcerated at the Sacramento County Jail at the same time as Mr. Yee. (Id. at 15-17.) That fact alone, however, does not establish a policy, practice, or custom on behalf of the County of Sacramento.

The fifth amended complaint also quotes numerous news articles discussing the dangers of being housed in isolation, interviews discussing multiple suicide attempts and delays in receiving medications, overcrowding at the Sacramento County Jail, infrequent inmate checks, low staffing, and conditions of filth. (5th Am. Compl. (ECF No. 32 at 17-20.) These quotes, however, fail to identify a challenged policy/custom, explain how the policy/custom was deficient, explain how the policy/custom caused Mr. Yee harm, or reflect how the policy/custom amounted to deliberate indifference. Moreover, the quoted articles date from 2002 to 2015. The events at issue in this action occurred in 1998.

Finally, the fifth amended complaint alleges that the "mental health program at the Sacramento County Jail is severely understaffed," that the "serious mentally ill are exposed to disproportionate use of force and segregation," that the "[m]entally ill services at the Sacramento County Jail lack a sufficient systematic program that maintains accurate and complete treatment records," that the Sacramento County Jail's "screening and evaluation process is ineffective in identifying . . . serious mental illness and in providing . . . timely treatment," and that the "current

6

policies and practices concerning suicide prevention and crisis intervention are inadequate. . . ." (Id. at 25-27.)

Although these allegations come the closer to alleging a Monell claim, they are insufficient for two reason: (1) they concern the current state of the Sacramento County Jail, not its state on and around 1998; and (2) they are devoid of factual allegations and specificity. See Atayde v. Napa State Hospital, No. 1:16-cv-0398 DAD SAB, 2016 WL 4943959, at *11 (E.D. Cal. Sept. 16, 2016) ("Such generic language does not survive an Iqbal/Twombly challenge. To conclude otherwise would essentially create Monell liability for public entities anytime a public employee's conduct gave rise to a § 1983 claim."); Mello v. County of Sacramento, No. 2:14-cv-2618 KJM KJN, 2015 WL 1039128, at *3 (E.D. Cal. Mar. 10, 2015) ("But a complaint must include 'sufficient factual matter' to make the claim at least plausible. It cannot suffice to allege only, for example, that 'Defendants failed to properly train their employees,' 'failed to properly supervise and discipline their subordinates,' and 'failed to provide adequate training reflecting a deliberate and conscious choice.'"); cf. Mateos-Sandoval v. County of Sonoma, 942 F.Supp.2d 890, 899 (N.D. Cal. 2013) (finding Monell claim where allegations specified "the content of the policies, customs, or practices the execution of which gave rise to Plaintiffs' Constitutional injuries").

In this regard, the undersigned that the fifth amended complaint fails to state a cognizable claim against a municipal defendant.

CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed now to serve defendants Kathleen Fritzche, Harold Penny, and Corey Johnson, as set forth below, and pursue the fifth amended complaint's claims against only those defendants. Alternatively, plaintiff may forgo serving defendants Fritzche, Penny, and Johnson, and attempt to further amend the fifth amended complaint.

2. **If plaintiff elects to further amend the fifth amended complaint to address the issued noted above, plaintiff has twenty-eight days so to do**, and shall skip the following service instructions (Nos. 4-10). Plaintiff is not obligated to amend the fifth amended complaint.

7

However, if plaintiff does so, the sixth amended complaint will also be subject to screening.[4]

3. **If plaintiff elects to proceed against defendants Kathleen Fritzche, Harold Penny, and Corey Johnson alone**, then within twenty-eight days, plaintiff must return the materials for service of process that are enclosed with this order, as described below. In this event the court will construe plaintiff's election as consent to the dismissal of all claims against all other defendants without prejudice.

4. Service is appropriate for the following defendants: Kathleen Fritzche, Harold Penny, and Corey Johnson.

5. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

6. The Clerk of the Court shall send plaintiff, for each defendant in paragraph number 5, above: one USM-285, one summons, a copy of the fifth amended complaint, and an appropriate form for consent to trial by a magistrate judge.

7. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal.</u> The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in paragraph number 5, above, at least:

    a. One completed summons;

    b. One completed USM-285 form;

---

[4] Plaintiff is reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The sixth amended complaint will supersede the fifth amended complaint, just as the first amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a sixth amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any sixth amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal; and

    d. One copy of the instant order.

 8. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the United States of America within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

 9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

 10. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: October 30, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\yee2955.part.serve.ord