UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT YEE,

        Plaintiff,

    v.

SACRAMENTO COUNTY JAIL, et al.,

        Defendants.

No. 2:14-cv-2955 KJM DB PS

FINDINGS AND RECOMMENDATIONS

Plaintiff Vincent Yee is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3.) Pending before the court is plaintiff's sixth amended complaint. (ECF No. 35.)

I.    Legal Standards

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are

1

clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

II.  Plaintiff's Sixth Amended Complaint

   A.  Individual Defendants

Here, construed in the light most favorable to the plaintiff, the sixth amended complaint alleges that on October 21, 1998, Sacramento Police officers Kathleen Fritzche, Harold Penny, and Corey Johnson, ("individual defendants"), arrested Peter Yee.  (6th Am. Compl. (ECF No. 32) at 8, 68-70.[1])  The individual defendants heard Peter Yee yell about "wanting to die," and failed to notify the Sacramento County Jail intake staff.  (Id. at 8-9.)  On December 16, 1998, Peter Yee committed suicide while incarcerated at the Sacramento County Jail.  (Id. at 34.)  Plaintiff is "the only surviving son and beneficiary" of Peter Yee and was two years' old at the

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

time of Peter Yee's death.[2] (Id. at 6.)

Claims that officers "'violated pretrial detainees' constitutional rights by failing to address their medical needs (including suicide prevention) [are analyzed] under a 'deliberate indifference' standard.'"[3] Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010)). The elements of a claim for deliberate indifference against an individual officer based on a pretrial detainee's rights under the Fourteenth Amendment are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); see also Darnell v. Pineiro, 849 F.3d 17, 35 (2nd Cir. 2017) ("to establish a claim for deliberate indifference to

---

[2] "Under section 1988, a section 1983 claim that accrued before death survives the decedent when state law authorizes a survival action as a 'suitable remed[y] . . . not inconsistent with the Constitution and laws of the United States . . . .'" Smith v. City of Fontana, 818 F.2d 1411, 1416 (9th Cir. 1978), cert. denied, 484 U.S. 935 (1987), overruled on other grounds by HodgersDurgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999) (quoting 42 U.S.C. § 1988). Under California law, "a cause of action for . . . a person is not lost by reason of the person's death, but survives . . . ." Cal. Code Civ. Pro. § 377.20(a). "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, subject to [the California Probate Code] . . ., and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Code Civ. Pro. § 377.30.

[3] It is unclear from the sixth amended complaint if Peter Yee was awaiting trial or had been convicted of an offense. "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Nonetheless, "[b]ecause pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment . . . we apply the same standards." Id.

conditions of confinement under the Due Process Clause of the Fourteenth Amendment, the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety").

Moreover, "children may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their . . . parent through official conduct." Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1075 (9th Cir. 2013); see also Curnow By and Through Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991) ("a parent who claims loss of the companionship and society of his or her child, or vice versa, raises a . . . constitutional claim"); Garlick v. County of Kern, 167 F.Supp.3d 1117, 1163 (E.D. Cal. 2016) ("Children may assert Fourteenth Amendment substantive due process claims if official conduct deprives them of their liberty interest in the companionship and society of their parent.").

In this regard, the undersigned finds that the sixth amended complaint states a cognizable claim against defendants Kathleen Fritzche, Harold Penny, and Corey Johnson.

B.  Municipal Defendants

The sixth amended complaint names as defendants the County of Sacramento, the City of Sacramento, and the Sacramento County Jail.[4] (6th Am. Compl. (ECF No. 35) at 1.) "In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro, 833 F.3d at 1073. In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

////

---

[4] A county itself—not an agency or department—is a proper defendant for a 42 U.S.C. § 1983 claim. See Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996).

In order to allege a viable Monell claim against the County of Sacramento or the City of Sacramento, plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'" Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)). There are three ways a "policy" can be established. See Clouthier, 591 F.3d at 1249-50.

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)). Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees. Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights."). "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of

Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the sixth amended complaint alleges that the County of Sacramento "acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Sacramento County." (Sixth Am. Compl. (ECF No. 35) at 3.) The sixth amended complaint also alleges that the "official policy or widespread or longstanding practice or custom" of the County of Sacramento caused plaintiff's harm. (Id.) Aside from these vague and conclusory allegations, however, the sixth amended complaint does not identify a specific policy or custom, explain how that policy or custom was deficient, explain how the policy or custom caused the plaintiff harm, or reflect how the policy or custom amounted to deliberate indifference.

The sixth amended complaint also alleges that that the "Sacramento County Jail failed to provide proper and adequate psychiatric care to Mr. Yee's serious needs." (Id. at 9.) Again, however, this vague and conclusory allegation fails to identify a specific policy or custom at issue.[5] The sixth amended complaint does purportedly quote numerous news articles discussing the negative effects of being segregated, multiple instances of attempted suicide by inmates, inmates experiencing delays in receiving medications, overcrowding at the Sacramento County Jail, infrequent inmate checks, low staffing, conditions of filth, and the death of inmates housed at the Sacramento County Jail. (Id. at 13-23.) These allegations, however, fail to identify a challenged policy/custom, explain how the policy/custom was deficient, explain how the policy/custom caused Mr. Yee harm, or reflect how the policy/custom amounted to deliberate

---

[5] The factual allegations found in the sixth amended complaint appear to undercut plaintiff's assertion. In this regard, the sixth amended complaint alleges that the individual defendants failed to notify the Sacramento County Jail about Mr. Yee's suicidal statements and that Mr. Yee "was seen by a psychiatrist at the Sacramento County Jail." (Id. at 8-9, 18.)

6

indifference. Moreover, most of the quoted articles date from 2002 to 2015. (Id.) The events at issue in this action occurred in 1998.

Likewise, the sixth amended complaint alleges that the "mental health program at Sacramento Co. Jail *is* severely understaffed," that the "serious[ly] mentally ill *are* exposed to a disproportionate use of force and segregation," that the Sacramento County jail "*lack[s]* a sufficient systematic program" to maintain treatment records for inmate with serious mental illness, and that the Sacramento County Jail's mental illness "screening and evaluation process *is* ineffective . . . ." (Id. at 21-22) (emphasis added). In this regard, the sixth amended complaint alleges that the "current policies and practices concerning suicide prevention and crisis intervention" at the Sacramento County Jail "are inadequate and have resulted in the unnecessary loss of life among mentally ill inmates." (Id.) This action, however, does not concern the events of today, but instead may only concern constitutional violations suffered by Peter Yee in 1998.

With respect to the City of Sacramento, the sixth amended complaint alleges:

> The failure to act, officers Penny, Fritzche, and Johnson, Sacramento City (police officers) deprived Mr. Yee of civil rights [42 U.S.C. § 1983] due to a lack of training by the City of Sacramento.
>
> Officer Penny, Fritzche and Johnson acted in a color of state.
>
> The training policies of the Sacramento City were not adequate to prevent violation of 42 U.S.C. § 1983 civil rights to handle the recurring situations with which they must deal.
>
> Sacramento City was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees. Harm and death are consequences of its failure to train adequately in the area of suicide prevention, intervention and the handling of suicidal persons.
>
> The failure to prevent violations by the City of Sacramento, of law by its employees to provide adequate training caused the deprivation of Mr. Yee's (deceased) civil rights by officers Penny, Fritzche, and Johnson for defendants failure to train is so closely related to the deprivation of Mr. Yee's civil rights as the moving force that cause the ultimate injury.

(6th Am. Compl. (ECF No. 35) at 2-3.)

////

////

7

1    "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where
2    the failure to train amounts to deliberate indifference to the rights of persons with whom the
3    police come into contact." Canton, 489 U.S. at 388. Further, "adequately trained officers
4    occasionally make mistakes; the fact that they do says little about the training program or the
5    legal basis for holding the [municipality] liable." Id. at 391. Accordingly, a "pattern of similar
6    constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate
7    deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62
8    (2011); Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014). Here, the sixth
9    amended complaint does not provide any factual allegations concerning a pattern of similar
10   constitutional violations by untrained employees.
11       "[I]n a narrow range of circumstances," it may not be necessary to allege a pattern of
12   similar violations where the violation of a constitutional right is the "highly predictable
13   consequence" of a failure to train. Connick, 563 U.S. at 63-64. The "narrow range of
14   circumstances" exists only where (1) "the need for more or different training is so obvious"; and
15   (2) the inadequacy of training is "so likely to result in the violation of constitutional rights." Id. at
16   390.
17       Here, however, the sixth amended complaint alleges that the individual defendants' failure
18   to notify the Sacramento County Jail of Peter Yee's suicidal statements violated "General Order
19   522.01." (6th Am. Compl. (ECF No. 35) at 9.) Attached to the sixth amended complaint is a copy
20   of "SACRAMENTO POLICE DEPARTMENT . . . . General Order 522.01." (Id. at 60.) That
21   order applies to City of Sacramento police officers, concerns the "handling of mentally ill
22   persons," and commands that Sacramento County Jail personnel shall be "notified of the persons
23   mental status and problems, i.e. suicidal, hallucinatory, aggressive, etc." (Id. at 61.) In this
24   regard, not only is there evidence that the Sacramento Police Department had a policy that
25   addressed the allegations found in the sixth amended complaint, there is also "every reason to
26   assume that" City of Sacramento police officers are familiar with the General Orders of the City
27   of Sacramento Police Department. See Flores, 758 F.3d at 1160.
28   ////

8

1    Accordingly, the undersigned finds that the sixth amended complaint fails to state a
Monell claim against a municipal defendant. See Akey v. Placer County, No. 2:14-cv-2402 KJM
KJN, 2015 WL 5138152, at *6 (E.D. Cal. Sept. 1, 2015) ("In sum, the allegations lack specificity
and are insufficient to put defendants on notice so that they might appropriately investigate and
respond. Plaintiffs have not sufficiently pleaded facts giving rise to a Monell claim under either
theory."); Mello v. County of Sacramento, No. 2:14-cv-2618 KJM KJN, 2015 WL 1039128, at *3
(E.D. Cal. Mar. 10, 2015) ("But a complaint must include 'sufficient factual matter' to make the
claim at least plausible. It cannot suffice to allege only, for example, that 'Defendants failed to
properly train their employees,' 'failed to properly supervise and discipline their subordinates,'
and 'failed to provide adequate training reflecting a deliberate and conscious choice.'"); cf.
Mateos-Sandoval v. County of Sonoma, 942 F.Supp.2d 890, 899 (N.D. Cal. 2013) (finding
Monell claim where allegations specified "the content of the policies, customs, or practices the
execution of which gave rise to Plaintiffs' Constitutional injuries").

      C.     Leave to Amend

The undersigned has carefully considered whether plaintiff may further amend the complaint to state a Monell claim. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, plaintiff is proceeding on a sixth amended complaint. Of the seven complaints filed by plaintiff (one original complaint and six amended complaints), only the third amended complaint was found to have stated a Monell claim. Upon reconsideration, however, the undersigned finds that the third amended complaint did not state a viable Monell claim for the same reasons articulated above. See United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986) ("All rulings of a trial court are subject to revision at any time before the entry of judgment."); see also Fed. R. Civ. P. 54(b) ("any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or

parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). In this regard, the <u>Monell</u> allegations found in the third amended complaint are vague and conclusory, and lack support from factual allegations.

Accordingly, in light of the deficiencies noted above, and plaintiff's repeated inability to amend the complaint to state a viable <u>Monell</u> claim, the undersigned finds that it would be futile to grant plaintiff further leave to amend in this case with respect to the sixth amended complaint's <u>Monell</u> claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The Clerk of the Court be directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, three USM-285 forms, a summons form, and an endorsed copy of plaintiff's sixth amended complaint filed November 22, 2017. (ECF No. 35.)

2. Within thirty (30) days after any order adopting these findings and recommendations, plaintiff be ordered to submit to the United States Marshal three properly completed USM-285 forms, three properly completed summons forms, and the number of copies of the endorsed fourth amended complaint and of this order required by the United States Marshal; the required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

3. Within ten (10) days after submitting the required materials to the United States Marshals Service, plaintiff be ordered to file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

4. Within thirty (30) days after receiving the necessary materials from plaintiff, the United States Marshal be directed to serve process on defendants Kathleen Fritzche, Harold Penny, and Corey Johnson, without prepayment of costs.

5. The Clerk of the Court be directed to serve a copy of this order on the United States Marshal.

6. Plaintiff be cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

7. The sixth amended complaint's Monell claims against the City of Sacramento, the County of Sacramento, and the Sacramento County Jail be dismissed without leave to amend and those defendants be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 8, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\yee2955.part.serve.f&rs

11